IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN  DIVISION

| | | |
|---|---|---|
| RONALD SCHMIDT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARLA HAWKSWORTH and | § | |
| JON DONAHUE, as members of | § | |
| the Argyle Town Council, in their | § | |
| individual and official capacities, and | § | |
| ROBERT HAGER, as Argyle Town | § | |
| Attorney, in his individual and official | § | |
| capacity, and the TOWN OF ARGYLE | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF RONALD SCHMIDT'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ronald Schmidt and files his Original Complaint, complaining of Defendants Marla Hawksworth, Jon Donahue, Robert Hager, and the Town of Argyle, and in support thereof, would respectfully show the Court as follows:

### I.    Jurisdiction and Venue

1.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, 42 U.S.C. § 1983, and the First and Fourteenth amendments of the Constitution of the United States. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1)-(2).

### II.    Parties

2.    Plaintiff Ronald Schmidt ("Mr. Schmidt" or "Plaintiff") is a citizen of the United States and resides in Argyle, Denton County, Texas.

3.      Defendant Marla Hawksworth ("Hawksworth") is the Place 5 Council Member for the Town of Argyle. She is sued in her individual and official capacity. Service of process may be made upon her at 348 Creekside Trail, Argyle, TX 76226, or wherever she may be found. Hawksworth is, and at all times mentioned in this complaint was, a resident of Denton County, Texas. Venue is therefore proper under 28 U.S.C. § 1391(b).

4.      Defendant Jon Donahue ("Donahue") is the Place 3 Council Member for the Town of Argyle. He is sued in his individual and official capacity. Service of process may be made upon him at 116 Morning Dove Court, Argyle, TX 76226, or wherever he may be found. Donahue is, and at all times mentioned in this complaint was, a resident of Denton County, Texas. Venue is therefore proper under 28 U.S.C. § 1391(b).

5.      Defendant Robert Hager ("Hager) is the Town Attorney for the Town of Argyle. He is sued in his individual and official capacity. Service of process may be made upon him at the 5173 Carnegie Drive, Frisco, TX 75034, or wherever he may be found. Hager is, and at all times mentioned in this complaint was, a resident of Denton County, Texas. Venue is therefore proper under 28 U.S.C. § 1391(b).

6.      Defendant Town of Argyle (Argyle) is a Texas municipality. Service of process must be made upon it by serving its mayor, clerk, secretary, or treasurer. Tex. Civ. Prac. & Rem. Code § 17.024(b). The Town Secretary is Erika McComis. She may be served on behalf of the municipality at 308 Denton Street, Argyle, Texas 76226.

7.      Collectively, Argyle, Hawksworth, Donahue, and Hager are referred to herein as "Defendants." Additionally, Hawksworth and Donahue are referred to herein as "Defendant Council Members."

### III.    Factual Background

8.    In or around May of 2017, Plaintiff was elected as a Council Member for the Town of Argyle with 70% of the vote. He has served since, earning reelection in or around May of 2019.

9.    Defendants Hawksworth and Donahue serve as Town Council Members along with Plaintiff.

10.    Argyle's town council is comprised of five members. Among these five members, the most salient political discrepancy pertains to the extent to which residential and commercial development ought to be permitted in the town. Plaintiff belongs to the group of members seeking to maintain the rural nature of the town. Defendant Council Members have effectively served as mouthpieces for corporate developers antagonistic to the town's stated goal of maintaining its rural charm.

11.    The division between these two groups has been the cause of growing hostility dating back to 2013. The disputes between the parties reached a boiling point in or around April of 2019. During this period, Defendant Council Members publicly misrepresented Plaintiff's position on a matter of great public concern to the Argyle electorate. As a result, the council meeting that took place on April 23, 2019 became especially contentious. There was a significant turnout of incensed voters. In response to the public vitriol caused by Defendant Council Members' misrepresentations of Plaintiff's position, immediately after the conclusion of the April council meeting, Plaintiff walked past Hawksworth and asserted that this hostility was her fault. Hawksworth has now used a distorted version of this interaction to attempt to publicly silence Plaintiff.

12.    On May 14, 2019, Hawksworth, operating under color of law, filed a complaint against Plaintiff to the Town Council. Falsely, she referred, and continues to refer, to the

interaction between her and Plaintiff as an assault. Significantly, even though the alleged actions of Plaintiff occurred on April 23, 2019, Hawksworth waited until May 14 of the same year to file her complaint, over three weeks after the fact. This is likely because Hawksworth's friend and political ally was seeking to unseat Plaintiff in the May 4 election. Only after Plaintiff was re-elected did Hawksworth realize that she would have to find another way to suppress Plaintiff's voice because of his opposition to the town's unchecked development.

13.    Thus, in concert with council member Donahue, a political ally of hers, Hawksworth sought to exile Plaintiff from the Town Council by any means necessary. She involved Defendant Hager, the Town Attorney, by requesting from him an advisory opinion that would permit her and Donahue to ban Plaintiff from Town Council meetings or, preferably, remove him from his position entirely.

14.    Under the guise of the Argyle Code of Ethics, Hager drafted an opinion recommending sanctions against Plaintiff. In drafting this opinion, Hager neglected to hear testimony from the witness in closest proximity to the April 23, 2019 incident between Hawksworth and Plaintiff. When asked to interview this witness, Hager communicated to Plaintiff that the decision had already been made, even though he hadn't interviewed the witness most relevant to the determination of Plaintiff's wrongdoing. He was merely acting on the whims of Defendant Council Members. At all times, Hager was acting under color of law in his role as the Town Attorney.

15.    Ultimately, Defendant Hager's opinion recommended banning Plaintiff from council meetings. Historically, actions far more severe than Plaintiff's finger-pointing have drawn mere reprimands. The difference here is that the content of Plaintiff's policy positions is adverse to Defendant Council Members, and so they tried to silence him. Defendants, acting under color

of law through their official government positions, then pressured and harassed the other council members into passing the sanctions sought to be levied against Plaintiff. Had Hager's ill-informed and legally incorrect advisory opinion not been drafted at Defendant Council Members' request, the remaining Council Members, sympathetic to and politically allied with Plaintiff, would not have felt forced to submit to Defendant Council Members' harassing demands to pass the sanctions against Plaintiff.

16.     There is no legal basis for Defendants' actions. There is nothing in the Argyle ordinances or Code of Ethics (the postulated basis for the sanctions) that permits the removal of a duly elected official or the restriction of his participation in his elected responsibilities.

17.     Plaintiff represents thousands of Argyle constituents. In the four months that Plaintiff was forbidden from attending council meetings, these constituents have effectively been disenfranchised, as they haven't had any representation in the various votes that took place. These citizens were deprived of their right of representation merely because Hawksworth and Donahue didn't want to deal with a properly elected opposing voice. So, they found an extra-judicial manner of silencing him.

18.     Defendant Council Members so enjoyed their time free from having to deal with Plaintiff's policy proposals, that they are now seeking other justifications for barring Plaintiff from attending council meetings once again. Because they haven't been able to find any reasonable grounds to do so, they've resorted to writing and referencing fictitious complaints against Plaintiff. For example, Defendant Council Members have recently, and publicly, posited that Plaintiff has had a complaint filed against him by a town staff member alleging he is aggressive towards women. No such complaint was filed. But Defendant Council Members have not been deterred

from publicizing this information and seeking to prohibit Plaintiff from undertaking his duly elected responsibility of representing his constituents.

19.     As if Hawksworth's insistence on banning Plaintiff from performing his elected duties weren't enough, she's fiercely advocated, in her role as Town Council Member, that attending town halls and council meetings even as a public citizen is a violation of Plaintiff's sanctions. This constitutes an abuse of office under clearly established Texas law and a violation of the Texas Open Meetings Act. Moreover, it is further evidence that Hawksworth is seeking to silence Plaintiff's voice in the public discourse for no reason other than being in opposition to what he has to say.

### IV.     Causes of Action

20.     <u>Alternative Pleadings</u>.  To the extent necessary, each of the claims set forth below is pleaded in the alternative.

### A.     Count One:   Deprivation of Civil Rights under 42 U.S.C. § 1983

21.     **Deprivation of First Amendment Rights.** As set forth above, Defendants' actions constitute violations of the First Amendment of the Constitution of the United States.

22.     Defendants deprived Plaintiff of his right to free speech and free association – as secured by the First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment. At all times referenced in this lawsuit, Defendants are or were policymakers in the Town of Argyle, and their actions were taken pursuant to the policies of the town.

23.     Defendants deprived Plaintiff of his right to free speech by preventing him from speaking at or attending town council meetings that constitute a traditional public forum under U.S. law. This deprivation of Plaintiff's right was due primarily to the content of his speech.

Defendant Council Members have sought, and continue to seek, a complete bar of Plaintiff's attendance and participation in Town Council meetings, even though he is an elected council member. No reasonable time, place, or manner restriction has been imposed on Plaintiff. Rather, Defendants plainly want to completely deprive Plaintiff of his right to express the substance of his viewpoints publicly.

24.     Defendants' actions violate Plaintiff's right to free association because Plaintiff had a right to be present at Town Council meetings as a duly elected public official. Attendance and participation in these meetings comprise his duties as an elected council member. Defendants arbitrarily and capriciously deprived him of this right by forbidding his attendance. Defendants wrongfully deprived the Plaintiff of his liberty interest in holding public office by interfering with fulfillment of his duties as a duly elected public official.

25.     The above-referenced wrongful conduct of the individual Defendants violated clearly established principles of constitutional law. Defendants' conduct was, and is, arbitrary and malicious. As a result of the foregoing, Plaintiff has been damaged and hereby seeks to recover punitive and actual damages resulting from said conduct by Defendants in an amount to be proven at trial.

26.     Plaintiff herein sues Defendants pursuant to 42 U.S.C. § 1983.  All of Defendants' conduct was under color of law, and Defendants Hawksworth, Donahue, and Hager were state actors.  Accordingly, Plaintiff seeks recovery of the full measure of relief and damages against Defendants, including but not limited to compensatory damages and/or nominal damages (including mental anguish and emotional distress damages), consequential and incidental damages, and any and all other equitable and compensatory relief which may be available under law and/or

in equity. Plaintiff also seeks punitive damages because Defendants deprived Plaintiff of his clearly established constitutional rights.

**B.     Count Two:   Deprivation of Due Process under the Fourteenth Amendment**

27.     Defendants deprived Plaintiff of his due process rights under the Fourteenth Amendment. Section 1.06.003 of the Argyle Code of Ordinances sets out the standards of conduct for Argyle public officials. This ordinance is so vague that it unreasonably deprives a person of ordinary intelligence the knowledge of what conduct is prohibited. In other words, it fails to give notice of proscribed conduct. Moreover, Section 1.06.003 regards the sanctions for a violation of the standards of conduct. This ordinance is so vague that it unreasonably deprives a person of ordinary intelligence the knowledge of what sanctions, if any, are permitted for a violation of the standards of conduct.

28.     In their application of the aforementioned unconstitutionally vague ordinance, Defendants have deprived Plaintiff of his constitutionally guaranteed due process rights.

**C.     Count Three: Deprivation of Due Course of Law under the Tex. Const. Art. I, § 19**

27.     The Texas Constitution guarantees that no citizen shall be deprived of life, liberty, or property except by the due course of law. Defendants have deprived Plaintiff of substantive due course of law, as secured by Art. 1 § 19 of the Texas Constitution. Plaintiff had vested rights in his freedom to hold elected public office. Defendants have treated Plaintiff differently from other similarly situated individuals holding local office in Argyle without cause and in doing so have deprived him of substantive due course rights. The arbitrary, capricious, unreasonable, and/or irrational actions of Defendants have denied Plaintiff his vested liberty right.

28.     Further, Defendants deprived Plaintiff of procedural due course of law, as secured by Art. 1 § 19 of the Texas Constitution. No procedural due process was afforded to Plaintiff before

he was deprived of his liberty interest in holding elected public office. Plaintiff is only seeking equitable relief under the Texas Constitution.

**D.      Count Four:  Declaratory Relief pursuant to 28 U.S.C.A. § 2201 and Section 37 of the Texas Civil Practice and Remedies Code**

29.      The Town of Argyle is only included in this lawsuit as a necessary party so that Plaintiff may obtain declaratory relief from an unconstitutional town ordinance.

30.      An actual controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties in that Plaintiff contends that Defendants' Code of Ethics found in Defendant Town's Code of Ordinances violates Plaintiff's rights of freedom of speech and freedom of assembly under the First and Fourteenth Amendments of the United States Constitution and the Texas Open Meetings Act,  in the following manner:  the Code of Ethics is vague and ambiguous in its description of proscribed conduct, the Code of Ethics is vague and ambiguous in the disciplinary measures it sets forth for violation of the Code, and it permits arbitrary suppression of messages with which Defendants  Hawksworth and Donahue disagree, as has been demonstrated above.

31.       The ordinance is unconstitutional on its face because it does not give adequate notice of the conduct it proscribes in Section 1.06.003. The ordinance is unconstitutional on its face also because Section 1.06.008 doesn't afford adequate notice of the penalties, sanctions, or disciplinary actions one would be subject to for violating its already vague standards of conduct. The ordinance is also unconstitutional as applied because it was used to interfere with the duties of a public servant, suppress his speech, and restrict his right of freedom of association. As applied, the ordinance violates the Texas Open Meetings Act because Defendants used it to bar a

member of the public from attending a regular meeting which is required to be open to the public.

32. Plaintiff desires a declaration as to the validity of Defendant's Code of Ethics, as described in this complaint, both on its face and as applied to Defendants' imposition of sanctions on Plaintiff. Unless the court issues an appropriate declaration of rights, the parties will not know whether Defendants' policies and procedures comply with the law, and there will continue to be disputes and controversy surrounding the Defendants' current vague and ambiguous policies which have been used to ban duly elected officials from performing their elected duties.

## V.      Relief Requested

33.      Plaintiff seeks to recover compensatory damages against Defendants Hawksworth, Donahue, and Hager.  Plaintiff also seeks to recover actual damages as may be proven for his mental anguish resulting from the knowing, intentional, and malicious deprivation of his constitutionally protected rights and damages to his professional and personal career, lost wages, and future earning capacity. Plaintiff also seeks his damages for Defendants' intentional infliction of emotional distress.

34.      Plaintiff also seeks punitive and compensatory damages against Hawksworth, Donahue, and Hager individually, as they knowingly, intentionally, and maliciously violated Plaintiff's clearly established Constitutional rights.

35.      Plaintiff seeks a declaratory judgment from this Court that Sections 1.06.003 and 1.06.008 of the Argyle Code of Ordinances violate the United States Constitution and the Texas Open Meetings Act both facially and as applied.

36. Plaintiff seeks to recover his reasonable and necessary attorneys' fees under 42 USC §1988. Plaintiff also seeks to recover his reasonable and necessary attorneys' fees under Tex. Civ. Prac. & Rem. Code § 37.009.

## VI. Fees, Costs and Interest

37. Plaintiff has retained the law firm of Hill Gilstrap, P.C. to represent him in connection with this matter, and has agreed to pay for such reasonable and necessary services.  In addition to and without waiving and/or limiting any other relief requested in this Complaint, Plaintiff is entitled to and seeks to recover his reasonable and necessary attorneys' fees and costs incurred and to be incurred in bringing this suit and in all appeals of this suit, as permitted by law, in equity, and/or pursuant to 42 U.S.C. §§ 1983, 1988(b), and Tex. Civ. Prac. & Rem. Code § 37.009. Additionally, pursuant to 42 U.S.C. § 1988(c), Plaintiff seeks to recover any and all expert fees, which he incurs and/or may incur in bringing this suit.  Plaintiff also seeks to recover costs of court, along with pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VII. Jury Demand

38. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests trial by jury.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ronald Schmidt prays that Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff recover judgment against Defendants in their official capacities for prospective relief and against Hawksworth, Donahue, and Hager individually for all other relief, including the following:

(1)     any and all amounts recoverable and/or recognizable as damages under law and/or in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendants;

(2)     punitive damages against Defendant Hawksworth, Donahue, and Hager to the extent permitted by law and/or equity;

(3)     equitable relief to the extent permitted by law and/or in equity;

(4)     his litigation expenses and costs, including, but not limited to, his reasonable and necessary attorneys' fees and costs;

(5)     pre- and post-judgment interest at the maximum rate permitted by law;

(6)     costs of court; and

(7)     such other and further relief, general and/or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**HILL GILSTRAP, P.C.**

/s/ Frank Hill

Frank Hill                                    09632000

1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 (fax)
fhill@hillgilstrap.com

**ATTORNEYS FOR PLAINTIFF**